1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Donald C. Schwartz, Esq. (SBN 122476)
Law Office of Donad C. Schwartz
7960-B Soquel Drive, No. 291
Aptos, CA 95003
Tel: 831-331-9909/Fax: 815-301-6556
triallaw@cruzio.com

Attorney for Plaintffs
Charles P. Schwartz, III, Trustee of The Schwartz Family Trust dated February 4,
2021; Elizabeth A. Marani-Schwartz; Donald Charles Schwartz, Rebecca Riccabona,
Successor Trustee, The Children's Educational Trust dated October 18, 2007; Don
Giovanni Schwartz

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles P. Schwartz, III, Trustee of The Schwartz Family Trust dated February 4, 2021; Elizabeth A. Marani-Schwartz; Donald Charles Schwartz, Rebecca Riccabona, Successor Trustee, The Children's Educational Trust dated October 18, 2007; Don Giovanni Schwartz, <br><br> Plaintiffs, <br> v. <br><br> The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWMBS INC., CHL Mortgage Pass-Through Trust 2004-HYB8, Mortgage Pass-Through Certificates, Series 2004-HYB8, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. <br><br> **VERIFIED COMPLAINT FOR** <br><br> 1. **CANCELLATION OF WRITTEN INSTRUMENT** <br> 2. **DECLARATORY JUDGMENT** <br> 3. **FRAUD** <br><br> [Civ. Code § 3412] |

COME NOW PLAINTIFFS, Charles P. Schwartz, III, Trustee of The Schwartz
Family Trust dated February 4, 2021; Elizabeth A. Marani-Schwartz; Donald Charles
Schwartz, Rebecca Riccabona, Successor Trustee, The Children's Educational Trust dated

1

October 18, 2007; Charles P. Schwartz, III, Trustee of The Schwartz Family Trust dated February 4, 2021, Elizabeth A. Marani-Schwartz; and Don Giovanni Schwartz (hereinafter "plaintiffs Schwartz") complain and alleges as follows:

## Statement of Jurisdiction

This Court has proper Jurisdiction over the within action because underlying real property is within the Judicial District of the County of Santa Cruz, California and there is complete diversity between all plaintiffs and all defendants.

## Parties

[1]     At all times hereto relevant, the Plaintiffs Charles P. Schwartz, III, Trustee of The Schwartz Family Trust dated February 4, 2021; Elizabeth A. Marani-Schwartz; Donald Charles Schwartz; Rebecca Riccabona, Successor Trustee, The Children's Educational Trust dated October 18, 2007 and Don Giovanni Schwartz were or are at all relevant times herein the owners and/or borrowers of/on the subject real property.

[2]     At all times herein mentioned, Defendants  The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWMBS INC., CHL Mortgage Pass-Through Trust 2004-HYB8, Mortgage Pass-Through Certificates, Series 2004-HYB8 (hereinafter referred to as "BONY" or "Defendant BONY"), was, and at all times herein mentioned purported assignee for Countrywide Homes Loans, Inc.

[3]     Plaintiffs are unaware of the true names  and capacities of individuals and/or entities sued herein under the fictitious names **DOES 1** through **100**, inclusive or, to the extent that the names of such individuals or entities may be known to Plaintiffs, the Plaintiffs cannot state with certainty that a viable cause of action lies herein as against such individuals or entities, or Plaintiff is unable to allege the elements of such a cause of action, at this time, prior to discovery, with sufficient specificity to satisfy the requirements of Code of Civil Procedure §128.7, wherefore said Defendants are herein named in accordance with the provisions of California Code of Civil Procedure § 474. Plaintiffs reserve the right to amend the instant Complaint to allege the true names and capacities of such fictitiously name Defendants when the same become know or when it has been ascertained with reasonable

certainty that a cause of action hereunder can be satisfactorily stated and maintained as against each such fictitiously named individual or entity.

**Interrelationships of Defendant Parties**

[4]     Plaintiffs are informed and believe, and thereon allege, that in committing certain acts herein alleged, some or all of the Defendants herein named were acting as the agents, joint ventures, partners, representatives, subsidiaries, affiliates and/or employees of some or all of the other Defendants, and that some or all of the conduct of such Defendants, as Complained of herein, was within the course and scope of such relationship; that each of them is responsible in some manner for the (threatened) wrongful conduct alleged.

**General Allegations of Material Fact**

[5]     Plaintiffs pulled their complete chain of title to the subject property and discovered a document labeled, "ASSIGNMENT OF DEED OF TRUST" (hereinafter "ADOT") was recorded at the Santa Cruz County Recorder's Office, with instrument number 2014-0036768 with the date signed on October 10, 2014. (See, CDOT Exhibit 1.)

[6]     After obtaining a multiplicity of exemplars of the purported assigner Cynthia M. Brock's signature from various counties throughout the State of California plaintiffs inescapably concluded that the signature of Cynthia M. Brock on the ADOT was not signed by Defendant Cynthia M. Brock on October 10, 2014 or at any other time.

[7]     Plaintiffs then retained the service of a qualified questioned document examiner ("forgery expert") to evaluate the signature of Cynthia M. Brock. The forgery expert concluded that the signature is highly likely to be a forgery.

[8]     **Civil Code of Procedure §338(4)(d)** states that a cause of action is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.  An action for relief on the ground of fraud or mistake.

[9]     Plaintiffs desire a judicial determination of the truthfulness and authenticity of the ADOT dated October 10, 2014, recorded on November 3, 2014, with instrument number 2014-0036768, and a declaration as to their ownership of the Subject Property.

3

[10]    A judicial declaration is necessary and appropriate at this time under the circumstances in order for Plaintiffs to confirm their rights and duties as the rightful owner of the Subject Property and so Defendants, and each of them, can confirm their respective rights, obligations, title and interest in the Subject Property, if any.

WHEREFORE, Plaintiff seek judgment as further set forth below.

**FIRST CAUSE OF ACTION**
**CANCELLATION OF INSTRUMENT**
**(Against All Defendants)**

[11]    Plaintiffs repeat, re-allege, and incorporate herein by reference, each and all of the allegations contained in above Paragraphs 1 through 100, inclusive, with the same force and effect as though fully set forth herein.

[12]    *Civil Code § 3412* contemplates that any written instrument which for any reason is void or voidable and outstanding, and which by reason thereof may result in serious injury or prejudice to the party as to whom it is void or voidable, upon proper application, may be adjudged to be void, and ordered to be delivered up and canceled. All that is required either in pleading or in proof is to show the facts constituting the invalidity of the instrument, whether they involve fraud, duress, accident, mistake, or lack of consideration. If, in other words, the instrument has been procured by fraud, accident, or mistake, the fraud, accident, or mistake should be pleaded; if the instrument is for any other reason void or voidable, the facts showing it to be so, whatever they may be, should be shown. [Hironymous v. Hiatt (1921) 52 Cal. App. 727, 731, 199 P. 850 ; see   Keele v. Clouser (1929) 101 Cal. App. 500, 502, 281 P. 1073]

[13]    Plaintiffs allege and contend that there is in existence a certain written instrument a "ADOT", the form and contents of the ADOT [*e.g.,* purported instrument] is recorded in the Santa Cruz County Recorder's Office with instrument no. 2014-0036768, recorded on November 13, 2014 as set out in the certified copy of it which is attached to this Request for Cancellation of Instrument as Exhibit 1 and incorporated by reference herein.

4

[14]   Plaintiffs informed and thereon allege that the signature of Cynthia M. Brock on the ADOT dated October 10, 2014, recorded on November 3, 2014, with instrument number 2014-0036768 was fraudulently prepared by someone other than defendant Brock and is void ab initio. See, Yvanova v. New Century Mortgage Corp. (2016) California Supreme Court No. S218973.

[15]   Plaintiffs are further informed and believe, and thereon allege that Defendant BONY and Does 1-100, and each of them, knew or should have known at the time that Defendant Brock never signed the instrument (and therefore was never legally notarized).

[16]   Plaintiffs are further informed and believes, and thereon alleges that Defendant BONY and Does 1-100, and each of them, knew or should have known who was forging Cynthia Brock's name and recording the ADOT.

[17]   Plaintiffs are informed and believes and thereon allege that the signature of Cynthia L. Brock was, and is, false, forged and that Defendant BONY at all times knew *or* should have known that it was forged and false.

[18]   A statement of the facts constituting an instrument's invalidity constitutes a sufficient allegation of a cause of action for cancellation of a void or voidable instrument under Civ. Code § 3412 [see, Zakaessian v. Zakaessian (1945) 70 Cal. App. 2d 721, 725, 161 P.2d 677]; Sullivan v. Dunnigan (1959), 171 Cal.App.2d 662, 667-668(5), 341 P.2d 404.]

[19]   Plaintiffs allege and contend that Cynthia L. Brock did not sign the ADOT. (See OC Interior Services, LLC v. Nationstar Mortgage, CCC, 7 Cal.App.5th 1318, 213 Cal.RPTR3d 395, 2017 Cal.App.Lexis 66 stating:

> "The law protects innocent purchasers, but "that protection extends only to those who obtained good legal title." (Wutzke v. Bill Reid Painting Service, Inc. (1984) 151 Cal.App.3d 36, 43 [198 Cal.Rptr. 418].) For example, "a forged document is void *ab initio* and constitutes a nullity; as [7 Cal.App.5th 1332] such it cannot provide the basis for a superior title as against the original grantor." (*Ibid.*) "An instrument that is void *ab initio* is comparable to a blank piece of paper and so necessarily derives no validity from the mere fact that it is recorded." (*Morgan, supra,* 105 Cal.App.2d at p. 733).

[20]    Plaintiffs allege and contend that Cytnhia L. Brock signature on the ADOT was not notarized by the purported notary and disputes this alleged fact.  California Commercial Code 3308.

[21]    As a proximate result of Defendant BONY's false certificate and Plaintiff's acting on it as herein alleged, Plaintiffs have been damaged, in the sum of $50,000,000.00, together with interest on that sum at the rate of 10% percent per annum from and after November 3, 2014.

WHEREFORE, Plaintiff seek judgment as further set forth below.

### SECOND CAUSE OF ACTION
### REQUEST FOR DECLARATORY JUDGEMENT
### California Code of Civil Procedure 1060
### (Against All Defendants)

[22]    Plaintiffs re-allege and incorporated by reference each and every allegation contained in paragraphs 1 to 21.

[23]    An actual and immediate controversy has arisen and now exists between Plaintiffs and Defendants regarding the authenticity and effect of the ADOT (the "Assignment of Deed of Trust") recorded on Plaintiff's title.

[24]    Plaintiffs seeks a declaration of rights under California Code of Civil Procedure Section 1060, that the ADOT is forged, in violation of California Penal Code 470 and is wholly void.

[25]    A forge instrument created and signed by forgery is void and violation of California Penal Code §§ 470 and 535. See in re: OC Interior Services, LLC V. Nationstar Mortgage, LLC, 7 Cal. App. 5th 1318, 213 Cal. Rptr. 3d 395, 2017 CAL. APP. LEXIS 66." An instrument that is void *ab initio* is comparable to a blank piece of paper and so necessarily derives no validity from the mere fact that it is recorded." (*Morgan, supra,* 105 Cal.App.2d at p. 733), (Wutzke v. Bill Reid Painting Service, Inc. (1984) 151 Cal.App.3d 36, 43, 198 Cal.Rptr. 418.

6

[26]    A judicial determination is necessary and appropriate at this time in order that the hardship caused on the chain of title by the forged ADOT will not cause further reliance as to its illegal effect.

[27]    Plaintiffs have been prejudiced and will continue to be harmed if this ADOT is not cancelled and expunged from the Santa Cruz County Recorder's Office.

WHEREFORE, Plaintiff seek judgment as further set forth below.

### THIRD CAUSE OF ACTION
**(Fraud)**
**(Against All Defendants)**

[28]    Plaintiffs by this reference incorporate each and every other paragraph in this Complaint as if fully set forth herein.

[29]    As a result of the allegations herein, defendants, and each of them, represented that the ADOT recorded was not a forged instrument.

[30]    Each and every defendants' above-stated representations, agreements and actions were and remain false and fraudulent, in that said defendants never intended to honor their written agreements as alleged.

[31]    Plaintiff relied upon each and every defendants' representations during which time said defendants willfully concealed the truth of their forgery, all for the purpose of defrauding and deceiving plaintiffs for each and every defendants' own purposes.

[32]    Plaintiffs, at the time the representations were made, believed them to be true and, in turn, relied on them.

[33]    The representations of each and every defendant were, in fact, false.

[34]    As a further direct and proximate result of each and every defendants' wrongful conduct as herein alleged, Plaintiffs have sustained emotional and mental distress, anguish, embarrassment, inconvenience, mortification, humiliation and indignity, all to their general and special damage in a total sum of $50.0 million or a sum according to proof at trial.

[35]    As a proximate result of said Defendants' fraud and deceit and the facts herein alleged, Plaintiffs have been induced to expend hours of time and energy in an attempt to receive the

agreed upon contract benefits, as well as hire an attorney to pursue same.  Thus, Plaintiffs are entitled to recovery for all said damages in the sum of $50.0 million or according to proof.

[36]    The aforementioned conduct of each and every defendant was an intentional misrepresentation, deceit or concealment of material facts known to said defendants with the intention on the part of said defendants to deprive plaintiffs of property or legal rights, or otherwise causing injury, and was despicable conduct that subjected plaintiffs to a cruel and unjust hardship in conscious disregard of plaintiffs' rights, so as to justify an award of exemplary and punitive damages as against each and every defendant.

**CONCLUSION**

1.    The notary journal for the signature of Cynthia L. Brock violate Government Code Section §8228.1 and §8209.

2.    The ADOT should be canceled on the grounds that if it is a forgery and Defendant Cynthia L. Brock notary did not sign it, it will cause Plaintiffs serious harm and damage.

WHEREFORE, Plaintiffs pray judgment as follows:

1.    Against Defendant BONY for the sum of $50.0 million plus interest on that sum at the rate of ten (10%) percent per annum from November 3, 2014, until paid;

2.    Against Defendant BONY for costs of suit herein incurred by Plaintiffs; and

3.    For Cancellation of Instrument pursuant to California 3412 and further relief as the Court may deem proper.

4.    That ADOT [*e.g.,* purported Assignment of Deed of Trust] be delivered immediately to the Santa Cruz County Recorder's Office for cancellation pursuant to Cal. Civ. Code §3412, §338(4)(d).

5.    For general and special damages for $50.0 million or according to proof.

6.    For such other and further relief as the court may deem proper.

Dated:  September 12, 2024                    Respectfully

By: */s/ Donald Charles Schwartz*
Attorney for Plaintiffs

8

1

## VERIFICATION

2    I, Donld C. Schwartz , am a plaintiff in the above-entitled action. I have read the

3    foregoing complaint and know the contents thereof.

4    The same is true of my own knowledge, except as to those matters which are therein

5    alleged on information and belief, and as to those matters, I believe it to be true.

6    I declare under penalty of perjury under the laws of the State of California that the

7    foregoing is true and correct.

8    Dated: September 12, 2024

9

By: */s/ Donald Charles Schwartz*
Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

**EXHIBIT 1**

Recording Requested By:
**T.D. SERVICE COMPANY**

And When Recorded Mail To:
T.D. Service Company
4000 W Metropolitan Dr Ste 400
Orange, CA  92868



**2014-0036768  11/03/2014  09:16:53 AM**
OFFICIAL RECORDS OF Santa Cruz County
Sean Saldavia Recorder
RECORDING FEE: $21.00
COUNTY TAX: $0.00
CITY TAX: $0.00

ADTR
2 PGS
RCD132

_____ Space above for Recorder's use _____
MERS MIN#: 100015700037585102   PHONE#: (888) 679-6377
Customer#: 610/3   Service#: 4052564ASI
Loan#: 0555835961

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., ITS SUCCESSORS AND ASSIGNS, P.O. BOX 2026, FLINT, MI 48501 OR 1901 E VOORHEES ST, SUITE C, DANVILLE, IL  61834-0000**, hereby assign and transfer to **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWMBS INC., CHL MORTGAGE PASS-THROUGH TRUST 2004-HYB8, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-HYB8 C/O NEW PENN FINANCIAL, LLC, D/B/A SHELLPOINT MORTGAGE SERVICING, 55 BEATTIE PL STE 110, MS #001, GREENVILLE, SC  29601-0000**, all its right, title and interest in and to said Deed of Trust in the amount of **$892,500.00**, recorded in the State of **CALIFORNIA**, County of **SANTA CRUZ** Official Records, dated **JULY 01, 2004** and recorded on **JULY 14, 2004**, as Instrument No. **2004-0050826, in Book No. —, at Page No. —.**
Executed by **DONALD D SCHWARTZ, A MARRIED MAN**, as trustors, CTC FORECLOSURE SERVICES CORPORATION, as trustee and, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., ITS SUCCESSORS AND ASSIGNS** as the original beneficiary. Legal Description: **As more fully described in said Deed of Trust.**

Date: _____*10/10/14*_____
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., ITS SUCCESSORS AND ASSIGNS**

By: _____
Cynthia M. Brock, Assistant Secretary

Loan#: **0555835961**        Srv#:  **4052564AS1**
Page **2**

State of        **SOUTH CAROLINA**          }
County of       **GREENVILLE**              } ss.

On _____10/10/14_____, before me, **Michelle L. Church**, a Notary Public, personally appeared  **Cynthia M. Brock** , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_____
(Notary Name): **Michelle L. Church**
My commission expires: 01/31/2016